```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Ernesto Avila

   v.                                    Case No. 19-cv-104-JL

FCI Berlin


**REPORT AND RECOMMENDATION**

Before the court is the complaint (Doc. No. 1) filed by plaintiff, Ernesto Avila, an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") at all times relevant to the allegations in his complaint.[1] The complaint is before this magistrate judge for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).


**Preliminary Review Standard**

The court may dismiss claims asserted in an inmate's complaint, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b). In determining whether a pro se complaint

---

[1] The Federal Bureau of Prisons ("BOP") Inmate Locator indicates that Mr. Avila is no longer at FCI Berlin. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Apr 6, 2020).

states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Claims may be dismissed sua sponte if, among other things, the complaint fails to state a claim upon which relief may be granted, the court lacks jurisdiction, or a defendant is immune from the relief sought. See 28 U.S.C. § 1915(e)(2). To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether plaintiff has stated a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Mr. Avila, a below-the-knee amputee with a prosthetic leg, asserts that prior to July 16, 2017, while he was housed in the FCI Berlin Special Housing Unit ("SHU"), he did not have access to a cell or a shower that had appropriate accommodations for his disability. The shower lacked adequate slip protection, a handrail, and a flat standing surface without high sides. Mr. Avila slipped in the shower and suffered a bruised knee and injuries to his groin area and lower back. Mr. Avila asserts he

did not receive adequate medical care for those injuries, despite submitting numerous requests for medical attention.

Mr. Avila's assigned FCI Berlin SHU cell was on the top tier of that unit. Unnamed FCI Berlin corrections officers required him to walk up and down stairs in handcuffs with his prosthesis, which he alleges was very painful and stressful. He further alleges that on one occasion the head FCI Berlin doctor watched him suffer as he walked on the stairs in handcuffs.

The court identifies the claims asserted in the complaint as follows:

> 1. Unnamed defendant prison officials and FCI Berlin medical providers violated Mr. Avila's Eighth Amendment right to humane conditions of confinement, rendering them individually liable for damages under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in that:
>
>     a. Officers required plaintiff to walk up and down stairs in handcuffs, resulting in severe pain, which a doctor witnessed;
>
>     b. Officers denied plaintiff access to a shower with appropriate slip protections, resulting in plaintiff's slip-and-fall injuries; and
>
>     c. Officers and medical providers denied plaintiff access to adequate medical care for the injuries he suffered as a result of his fall in the shower.
>
> 2. The United States is liable to plaintiff for unnamed FCI Berlin prison officials' and medical providers' wrongful acts or omissions, resulting in plaintiff's injuries and pain, in that:
>
>     a. FCI Berlin officers required plaintiff to walk up

  and down stairs in handcuffs to his SHU cell, resulting in severe pain, which an FCI Berlin doctor witnessed;

  b. FCI Berlin officers denied plaintiff access to a shower with appropriate slip protections, resulting in plaintiff's slip-and-fall injuries; and

  c. FCI Berlin officers and medical providers denied plaintiff access to adequate medical care for the injuries he suffered as a result of his fall in the shower.

3. Mr. Avila suffered disability discrimination at FCI Berlin in violation of his rights under the Americans with Disabilities Act ("ADA") Title II, and/or the Rehabilitation Act, in that he was housed in an upper tier SHU cell and was required to walk up and down stairs in handcuffs, causing him severe pain; and he was denied access to a shower with appropriate slip-and-fall protections for his disability.

4. Defendants are liable to plaintiff under 42 U.S.C. § 1983 for violating his federal rights.

## Discussion

I. <u>Eighth Amendment Claims (Claims 1(a)-(c), 4)</u>

 A. <u>Elements</u>

The Eighth Amendment prohibits prison officials from denying inmates "the minimal civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A plaintiff asserting an Eighth Amendment prison conditions claim must allege objectively "extreme" deprivations. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). Further, the plaintiff must show that the responsible defendants acted with deliberate

4

indifference to the plaintiff's health or safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  "'[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'"  Giroux v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999) (citations omitted).

    B.    Bivens Claims (Claims 1(a)-(c))

Under certain circumstances, a Bivens remedy for damages may be available when federal officers or medical providers are alleged to have violated an inmate's Eighth Amendment rights, see, e.g., Carlson v. Green, 446 U.S. 14, 20-23 (1980).  Mr. Avila has alleged that, witnessed by an unnamed FCI Berlin doctor, he was required him to walk up and down stairs from his SHU cell while handcuffed, which was both stressful and very painful because of his prosthetic leg.  Mr. Avila has further alleged that unnamed officers required him to use a shower that lacked slip-and-fall protections, and he has alleged that unnamed medical providers and unnamed officers knew of his need for medical attention after he was injured but did not provide him with medical care.

Plaintiff has not named any of the federal officers, doctors, or other health care providers he alleges violated his Eighth Amendment rights, as summarized in Claims 1(a)-(c) above. Furthermore, Mr. Avila has not identified any defendant who was aware that his injuries or pain presented a serious medical need or other substantial risk of serious harm and still denied him treatment and/or otherwise failed to take reasonable measures to reduce his exposure to harm.  Therefore, Mr. Avila has not yet pleaded sufficient facts regarding his housing situation and the use of the stairwell, his fall in the shower, or the denial of medical care, to state a claim upon which relief can be granted. As the court cannot rule out the possibility, however, that he could identify proper defendants and plead such facts, in the Order issued this date, the court grants plaintiff thirty days to file an amended complaint asserting sufficient facts to state an Eighth Amendment <u>Bivens</u> claim upon which relief can be granted as to specifically identified federal officers or medical providers.

### C.   <u>Claims under 42 U.S.C. § 1983 (Claim 4)</u>

Plaintiff has cited 42 U.S.C. § 1983 as providing him with a cause of action for his Eighth Amendment claims.  That statute does not apply to federal officers or employees.  To the extent

plaintiff intended to state claims under 42 U.S.C. § 1983, the district judge should dismiss those claims as he has named no defendants who acted under color of any state law.

II.  Federal Tort Claims Act (Claims 2(a)-(c))

The court has liberally construed the complaint as intending to state claims that the wrongful conduct of unnamed individual officers and medical providers caused him physical injuries and pain.  The Federal Tort Claims Act ("FTCA") provides this court with jurisdiction over certain claims for damages asserted against the United States, arising from allegations that federal employees caused personal injuries through their tortious acts or omissions.  See 28 U.S.C. §§ 1346(b)(1), 2674.  If Mr. Avila intends to plead FTCA claims similar to those that the court has identified as Claims 2(a)-(c), he must identify the individual federal employees whose negligence or other wrongful conduct caused his injuries, and he should name the "United States" as the defendant.  Further, Mr. Avila must demonstrate that he has exhausted his administrative remedies by having already presented his tort claims to the appropriate federal agency and having obtained a final agency decision on those claims.  See 28 U.S.C. § 2675.  In the Order issued this date, the court grants Mr. Avila the opportunity to

amend his complaint to assert such facts that could give rise to actionable FTCA claims in this case.

### III. Claim 3 (ADA Title II and Rehabilitation Act)

Mr. Avila has alleged that he was placed in an upper tier cell and was required to use a shower without any accommodations for his disability, in violation of his federal rights. Title II of the ADA prohibits "public entit[ies]" from engaging in disability discrimination. 42 U.S.C. § 12132. The definition of the term "public entity" expressly includes state agencies and local agencies, but federal agencies are not listed in that definition. 42 U.S.C. § 12131(1). Title II's requirements do not apply to federal prisons such as FCI Berlin. See Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government"); Ives v. Decker, No. CV 17-30108-MGM, 2017 U.S. Dist. LEXIS 187142, at *5, 2017 WL 5346401, at *2 (D. Mass. Oct. 20, 2017), R&R adopted, No. CV 17-30108-MGM, 2017 U.S. Dist. LEXIS 186816, 2017 WL 5309685 (D. Mass. Nov. 9, 2017); Williams v. United States, No. 2:15CV00123 DPM/JTR, 2017 U.S. Dist. LEXIS 41300, at *5, 2017 WL 1078655, at *3 (E.D. Ark. Feb. 17, 2017) (ADA Title II does not apply to federal prison), R&R adopted, No. 2:15-CV-123-DPM-JTR, 2017 U.S. Dist. LEXIS 40223, 2017 WL

1095476 (E.D. Ark. Mar. 21, 2017); Bevil v. Lappin, No. CIV.A. 0:11-00117, 2012 U.S. Dist. LEXIS 56225, at *10, 2012 WL 1409550, at *4 (E.D. Ky. Apr. 23, 2012) (same), aff'd, No. 12-5520, 2013 U.S. App. LEXIS 26414 (6th Cir. June 14, 2013) (unpublished decision).

Section 504(a) of the Rehabilitation Act provides a cause of action for disability discrimination in programs or activities conducted or funded by federal agencies. See 29 U.S.C. § 794(a). Insofar as the BOP Inmate Locator indicates that Mr. Avila is no longer housed at FCI Berlin, however, his claims for injunctive or declaratory relief under the Rehabilitation Act appear to be moot, see LaFaut v. Smith, 834 F.2d 389, 395 (4th Cir. 1987); see also Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014), and a cause of action for money damages under that statute is not available to him. See Houck v. United States, No. 17-CV-474-JPG, 2017 WL 2733905, at *6, 2017 U.S. Dist. LEXIS 98405, at *17 (S.D. Ill. June 22, 2017) (under "the Rehabilitation Act, the remedies available to a federal prisoner-plaintiff are limited to declaratory and/or injunctive relief; money damages are not available" (citing Lane v. Pena, 518 U.S. 187, 195 (1996))); see also Chamberlain v. Chandler, 344 F. App'x 911, 913 (5th Cir. 2009). To the extent Mr. Avila has intended to plead a Rehabilitation Act claim, that claim

should be dismissed at this time. Accordingly, the district judge should dismiss Claim 3.

## Conclusion

For the foregoing reasons the district judge should dismiss Mr. Avila's disability discrimination claims (Claim 3) and the claims Mr. Avila has asserted under 42 U.S.C. § 1983 (Claim 4), leaving only the asserted Eighth Amendment Bivens claims and the FTCA claims that are the subject of the Order issued this date. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

April 7, 2020

cc: Ernesto Avila, pro se