**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Ernesto Avila

    v.                               Case No. 19-cv-104-JL

FCI Berlin

## REPORT AND RECOMMENDATION

Plaintiff, Ernesto Avila, formerly an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a response (Doc. No. 8) to the April 7, 2020 Order (Doc. No. 6), which directed him to name the individuals responsible for the incidents in his complaint relating to his confinement in the FCI Berlin Special Housing Unit ("SHU"). The court construes Mr. Avila's response to that order as a complaint addendum. The original complaint and complaint addendum (Doc. Nos. 1, 8) are before the court for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a). The standard applied in conducting this preliminary review is set forth in the April 7, 2020 Report and Recommendation ("R&R") (Doc. No. 5). See also Aug. 4, 2020 Order (Doc. No. 9) (approving April 7 R&R (Doc. No. 5)).

The court identifies the claims asserted in Doc. Nos. 1 and 8 as follows:

1.    FCI Berlin corrections officers and FCI Berlin medical providers violated Mr. Avila's Eighth Amendment right to humane conditions of confinement, rendering them individually liable for damages under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), in that:

    a.    Unnamed FCI Berlin corrections officers, aware that plaintiff was a below-the-knee amputee, denied him access to a shower with appropriate slip protections prior to July 16, 2017, the date on which he slipped and fell in the shower, bruising his knee, and causing him severe pain that made walking difficult and disrupted his sleep for ten days.

    b.    FCI Berlin officers and medical providers denied plaintiff access to adequate medical care for the injuries he suffered as a result of his July 16 slip-and-fall, in that:

        i.    Corrections Officer ("C.O.") Pieva, on July 16, took several minutes to respond after Mr. Avila pushed the emergency button in his cell shortly after the slip-and-fall;

        ii.    Nurse Bosen, on July 16, after hearing Mr. Avila's description of what happened and seeing his bruised and swollen knee, checked Mr. Avila's blood pressure, but then provided no further treatment;

        iii. Nurse Ingersol, after hearing Mr. Avila's description of what happened and seeing his bruised and swollen knee on July 16, gave him an ice pack and promised to leave a note for Dr. Pederson;

        iv.    Nurse Laflamme, after hearing Mr. Avila's description of what happened, and hearing his complaint of severe pain in the morning, on July 17 and July 18, 2017, denied his request for an ice pack and medical attention, telling him he could see a doctor during the doctor's next SHU rounds on July 21, 2017; and

   v. FCI Berlin Health Services Administrator Elmore, on July 20, after hearing Mr. Avila's description of what happened, hearing his complaint of severe pain, and seeing his swollen knee, arranged to have Nurse Bosen check Mr. Avila's blood pressure on July 20.

c. C.O. Warner, on July 27, 2017, in escorting plaintiff, who was in handcuffs, from his cell, down a flight of stairs, to a doctor's appointment, and then back up to his cell after the appointment, knowing that walking caused Mr. Avila severe pain, offered to let Mr. Avila lean against him, but denied his request to use a wheelchair or the elevator to avoid the stairs, saying, something to the effect of, "If you want to see the doctor, you need to walk.";

d. Corrections Officers and medical providers, aware that plaintiff was a below-the-knee amputee who had suffered injuries when he slipped in the shower on July 16, 2017, denied him access to a shower with appropriate slip protections, in that:

   i. An unnamed C.O., on July 18, 2017, denied Mr. Avila's request to be moved to a cell with a shower with slip protections, saying that there was no cell like that in SHU;

   ii. Nurse Bosen, on July 18, Nurse Laflamme on July 19, and Nurse Ingersol on July 23, aware of Mr. Avila's request to be housed in a cell with access to a shower with slip protections, and aware he had not taken a shower since July 16, each said they would look into whether he could be moved to a "handicap cell," but Mr. Avila did not gain access to such a cell;

   iii. On July 25, 2017, SHU Lt. Whittely denied Mr. Avila's request to be moved to a cell with a shower with slip protections, explaining that there were no such cells available, but then provided plaintiff with a chair to use as a seat while showering; and

   iv. Dr. Pederson, after observing Mr. Avila's

> expression of pain and his difficulty walking on
> July 27, 2017, prescribed pain medication for
> him, but told him she could not do anything about
> moving him to a cell with a shower with slip
> protections.

2.   The United States is liable to plaintiff for the tortious acts or omissions of federal employees, summarized in Claims 1(a)-(d), including subparts.

## Discussion

I.   Eighth Amendment Claims

A.   Elements

The Eighth Amendment prohibits prison officials from denying inmates "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A plaintiff asserting an Eighth Amendment prison conditions claim must allege objectively "extreme" deprivations. Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Further, the plaintiff must show that the responsible defendants acted with deliberate indifference to the plaintiff's health or safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  "'[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'" Giroux v. Somerset Cnty., 178 F.3d 28, 32 (1st Cir. 1999) (citations omitted).

B.  <u>Bivens</u>

Under certain circumstances, a <u>Bivens</u> remedy for damages may be available when federal officers or medical providers are alleged to have violated an inmate's Eighth Amendment rights. <u>See, e.g.</u>, <u>Carlson v. Green</u>, 446 U.S. 14, 20-23 (1980). Deliberate indifference to the serious medical needs of prisoners constitutes the "'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." <u>Abernathy v. Anderson</u>, 984 F.3d 1, 3 (1st Cir. 2020) (citations omitted).

> To succeed on a deliberate indifference claim . . . a plaintiff must satisfy a two-prong standard.  First, a plaintiff must show, as an objective matter, that he has a "serious medical need[]" that received inadequate care.  A serious medical need is that which "has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  "The 'seriousness' of an inmate's needs may also be determined by reference to the effect of the delay of treatment." . . .
>
> Second, even if the plaintiff satisfies the objective prong, "the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs."  Deliberate indifference under this subjective prong requires evidence that the failure in providing treatment to the plaintiff was purposeful.  Thus, an "inadvertent failure to provide adequate medical care" does not give rise to a constitutional claim.  This prong can also be met by showing a "wanton disregard to a prisoner's needs . . . akin to criminal recklessness, requiring consciousness of impending harm, easily preventable."

Id. (citations omitted).  This court previously found that in
the original complaint (Doc. No. 1), Mr. Avila had not pleaded
sufficient facts regarding his housing situation and the use of
the stairwell, his fall in the shower, and the denial of medical
care, to state an Eighth Amendment deliberate indifference claim
upon which relief can be granted.

In Document No. 8, Mr. Avila names individuals who he
alleges had knowledge regarding his condition and failed to take
sufficient steps to provide him with prompt, appropriate medical
care, and failed to grant him access to a shower with slip
protections.  Claims 1(a), 1(b)(i), and 1(d)(i)-(iv), as
summarized above, are not supported by factual allegations
sufficient to show deliberate indifference to, or subjective
awareness of, a substantial risk of serious harm.  Accordingly,
as to those claims, Mr. Warren has failed to state a claim upon
which relief can be granted against any defendant identified as
defendants to those claims.

Without precluding defendants' ability to move to dismiss
Mr. Avila's claims upon any appropriate ground, including
failure to state a claim upon which relief can be granted, the
court concludes that the allegations underlying Claims 1(b)(ii)-
(v) and 1(c) are sufficient to survive this court's preliminary

review.  The court directs service of the Complaint and
Complaint Addendum (Doc. Nos. 1, 8) upon the defendants
identified in those claims (Nurses Bosen, Ingersol, and
Laflamme; Health Services Administrator Elmore; and C.O.
Warner).  All other individual defendants should be dropped from
this case as defendants as Mr. Warren has failed to state any
claim against them upon which relief can be granted.

II.  Federal Tort Claims Act (Claim 2)

        The court has liberally construed the complaint as
intending to state claims that the wrongful conduct of unnamed
individual officers and medical providers caused him physical
injuries and pain.  The Federal Tort Claims Act ("FTCA")
provides this court with jurisdiction over certain claims for
damages asserted against the United States, arising from
allegations that federal employees caused personal injuries
through their tortious acts or omissions.  See 28 U.S.C.
§§ 1346(b)(1), 2674.  The court provided Mr. Avila an
opportunity to plead FTCA claims similar to those that the court
has identified as Claim 2, by directing him to name the "United
States" as the defendant, to demonstrate that he had exhausted
his administrative remedies by having already presented his tort
claims to the appropriate federal agency, and by having obtained

a final agency decision on those claims.  <u>See</u> 28 U.S.C. § 2675.

Although Mr. Avila has failed to name the United States as a defendant to his claims, Mr. Avila's original complaint states that he exhausted his BOP administrative remedies on his claims of deliberate indifference and inadequate medical care.  In fairness to a pro se party, the court concludes that Mr. Avila has sufficiently pleaded FTCA claims arising out of each of the incidents summarized above as Claims 1(a)-(d), including subparts, in which the officers and medical providers identified by name or job title are alleged to have acted negligently in the course of their employment, causing Mr. Avila injuries.  Accordingly, in the Order issued this date, the court has directed service of Claim 2 (the related FTCA claim) upon the United States.

### Conclusion

For the foregoing reasons, the district judge should dismiss the Eighth Amendment claims asserted in Document Nos. 1 and 8 that are identified in this R&R as Claims 1(a), 1(b)(i), and 1(d)(i)-(iv); and drop FCI Berlin, C.O. Pieva, Lt. Whittely, and Dr. Pederson as defendants.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen-day

period may be extended upon motion.  Failure to file objections

within the specified time waives the right to appeal the

district court's order.  See Santos-Santos v. Torres-Centeno,

842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge

January 26, 2021

cc:  Ernesto Avila, pro se